**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

TYRONE GREEN,                                    *

Plaintiff                                        *

v                                                *          Civil Action No. PX-18-1922

DAVID R. BLUMBERG,                               *

Defendant                                        *
                                             ***

**MEMORANDUM OPINION**

Plaintiff Tyrone Green, a Maryland Division of Correction inmate housed at Patuxent Institution, filed this civil rights complaint against David R. Blumberg, Chair of the Maryland Parole Commission (MPC). Green is serving a life sentence for a murder committed when he was a juvenile. ECF No. 1.[1] Green alleges that his August 11, 2016 parole hearing was held prior to the effective date of Maryland regulations governing parole considerations for "juvenile lifers", and thus he has not received a "juvenile lifer parole hearing." *Id.* at p. 4. As relief, Green seeks money damages and a new parole hearing during which his parole eligibility will be considered under the newly codified regulations.

Defendant Blumberg has moved to dismiss the Complaint or alternatively for summary judgment in his favor. ECF No. 11. The Court notified Green of his right to file a timely written response to Commissioner Blumberg's motion and that failure to do so may result in an adverse ruling without further notice or opportunity to be heard. ECF No. 12. *See Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). The Court subsequently extended Green's time to respond but he

---

[1] This order references pagination assigned through the Court's electronic docketing system.

has failed to do so. *See* ECF No. 14. For the following reasons, the Court will stay this case, deferring final disposition so that Blumberg may address the possible impact of pending related litigation challenging the constitutionality of the Maryland Parole Commission system as applied to "juvenile lifers."

Blumberg does not contest that Green is a "juvenile lifer." Green was sentenced to life imprisonment with all but 50 years suspended and five years' probation, commencing August 20, 1993, for first-degree murder committed before he turned 18.[2] *See* ECF No. 11-2, Decl. of David R. Blumberg ¶ 3; ECF No. 11-3, pp. 1-2; *see also Green v. Morgan,* Civil Action No. PX-18-1965 (D. Md.), State Record, ECF No. 8-1.

On August 11, 2016, Green received a parole hearing. Shortly before that hearing, the Department of Public Safety and Correctional Services (DPSCS) proposed amending pertinent regulations (COMAR §§ 12.08.01.17 and 12.08.01.18) pursuant to the emergency process provided in the Administrative Procedure Act (APA), Md. Code Ann., State Gov't §§ 10-101 through 10-118; Blumberg Decl. ¶ 5, ECF No. 11-2. The proposed amendments to COMAR 12.08.01.18 enumerated additional factors for the Maryland Parole Commission's consideration, including at the time the crime was committed (1) the inmate's age (2) level of maturity and sense of responsibility; (3) whether the inmate was subjected to the influence or pressure from others; (4) home and family circumstances and (5) educational history. The proposed factors also include (6) the inmate's character development since the offense that supports future compliance with release conditions and (7) any circumstances that Commissioner determines to be relevant to the juvenile's commission of the offense. *Id.,* Blumberg Decl. ¶ 2. Although the proposed

---

[2] In addition to the life sentence, Mr. Green also is serving a concurrent 20-year sentence for robbery with a deadly weapon, a concurrent 20-year sentence for attempted robbery with a deadly weapon, and a concurrent 30-year sentence for attempted murder. *Id.*

amendments were submitted on an emergency basis, the Joint Committee on Administrative, Executive, and Legislative Review declined to act until after receiving public comment. Blumberg Decl. ECF No. 11-2, ¶ 6. In July of 2016, DPSCS submitted the proposed regulations through the non-emergency process provided under the APA. *Id.* The regulations took effect on October 24, 2016. *Id.:* Attachment C; COMAR 12.08.01.17 and COMAR 12.08.01.18; *see also* ECF Nos. 11-9 and 11-10. During this process, and prior to the regulations taking effect, the Commission made the proposed amendments available to eligible inmates and considered the additional factors at relevant parole hearings. Blumberg Decl., ECF No. 11-2, ¶ 7.

Two Commissioners considered the proposed regulations at Green's August 11, 2016 parole hearing. ECF No. 11-6, MPS Parole Recommendation/Decision. After considering Mr. Green's "age at the time of the offense and related brain development issues," the Commissioners determined parole would not be granted. Given the severity of the crime and Green's adjustment to prison programming, the Commissioners set Green's next opportunity to be considered for parole as August of 2023. *Id.* Green did not pursue direct review of this decision in state court. ECF No. 11-2, ¶ 8.

On October 6, 2017, Green wrote to Ruth Ogle of the Parole Commission to request "a month and date for [his] juvenile lifers [sic] parole hearing." ECF No. 11-7. On October 13, 2017, Ms. Ogle informed Green that "[t]he Parole Commission was already aware of the additional factors to be considered at the time your hearing was conducted." Ogle further informed Green that the Commission's decision to deny parole and schedule the next hearing for August 2023 "took into account those factors." ECF No. 11-8. In this respect, the evidence submitted by Blumberg supports that the Commission took into account "juvenile lifer" factors at Green's hearing.

However, the Court also recognizes that potentially related litigation, *Maryland Restorative Justice Initiative, et al. v. Hogan,* et al., Civil Action No. ELH-16-1021 (D. Md.) ("MRJI v. Hogan"), presents a broad challenge to the constitutionality of the parole system as applied to "juvenile lifer" inmates. The plaintiffs in *MJRI v. Hogan* allege systemic denial for juvenile lifers of "a meaningful opportunity for release," in violation of the Eighth Amendment to the Constitution of the United States and Article 25 of the Maryland Declaration of Rights, the practical effect of which results in "de facto" sentences of life without parole for all juvenile lifers. *Id.* ECF No. 1 ¶¶ 11-12, 167-185; ECF No. 65, p. 2. "Of more than 200 parole-eligible juvenile lifers in Maryland," the Complaint maintains, "*no one* has been paroled in the last twenty years." ECF No. 35, p. 8 (emphasis in original); ECF No. 1, ¶¶ 58; 64; 74; 117, 119; ECF No. 65, p. 2.

Absent from Blumberg's motion is discussion of what, if any, impact *MRJI v. Hogan* may have on Green's claim. The Court declines to adjudicate the motion without further treatment of this issue. Accordingly, the Court hereby STAYS this case to allow Blumberg to supplement the record consistent with this opinion. Blumberg is granted until **October 14, 2019** to supplement his motion accordingly. A separate Order follows.

Date:  August 14, 2019

_____/S/_____
Paula Xinis
United States District Judge