IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE GREEN, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. PX-18-1922 |
| DAVID R. BLUMBERG, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Tyrone Green has filed suit against Defendant David R. Blumberg, Chairman of the Maryland Parole Commission ("MPC"), challenging MPC's refusal to provide him a parole hearing under amended standards applicable to "juvenile lifer" inmates. ECF No. 1 at 4. On August 14, 2019, the Court declined to adjudicate Blumberg's motion absent further briefing on the impact, if any, of pending litigation challenging the constitutionality of the MPC's "juvenile lifer" parole hearing process. ECF Nos. 15, 16. The related case, *Maryland Restorative Justice Initiative v. Hogan,* Civil Action No. ELH-16-1021 (D. Md. 2016) ("*MRJI v. Hogan*"), ultimately settled, and on October 16, 2019, Blumberg filed a supplemental motion in response to the Court's Order. The Court has reviewed all pleadings and finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, this Court lifts the stay and grants Blumberg's motion.

**I.   Background**

On August 20, 1993, Green was sentenced to life imprisonment with all but 50 years suspended for a murder he committed before his eighteenth birthday. *See* ECF No. 11-2, Decl. of David R. Blumberg ¶ 3; ECF No. 11-3, pp. 1-2; *see also Green v. Morgan*, Civil Action No. PX-

18-1965 (D. Md. 2018), State Record, ECF No. 8-1.  Green received a parole hearing on August 11, 2016.  However, shortly before the hearing, the Department of Public Safety and Correctional Services (DPSCS) proposed amending regulations pertinent to "juvenile lifer" parole hearings. *See* Md. Code Regs. (COMAR) 12.08.01.17 and 12.08.01.18; Blumberg Decl. ¶ 5, ECF No. 11-2. The proposed amendments added factors for the MPC to consider in "juvenile lifer" parole hearings, such as (1) the inmate's age at the time the offense occurred; (2) level of maturity and sense of responsibility at that time; (3) whether the inmate was subjected to the influence or pressure from others; (4) home and family circumstances, (5) educational history (6) the inmate's character development since the offense that supports future compliance with release conditions and (7) any circumstances that the Commissioner determines to be relevant to the juvenile's commission of the offense.  *Id*., Blumberg Decl. ¶ 2.  Although the regulations took effect on October 24, 2016, MPC had made them available to eligible inmates and considered these additional factors at relevant parole hearings.  Blumberg Decl., ECF No. 11-2, ¶ 4.

Accordingly, at Green's August 11, 2016 hearing, Commissioners Perry Sfikas and Jasper Clay expressly considered Green's "age at the time of the offense and related brain development issues." ECF No. 11-2, ¶ 8; ECF 11-4.  The Commissioners further cited the severity of the crime and Green's adjustment to prison programming.  Ultimately, however, the Commissioners denied Green parole and rescheduled Green's next parole hearing for August 2023.  *Id*.

Although Green did not directly appeal that decision, he wrote MPC representative Ruth Ogle on October 6, 2017, to request a date for his "juvenile lifers [sic] parole hearing."  ECF No. 11-7.  Ogle promptly responded that MPC "was already aware of the additional factors to be considered at the time your hearing was conducted," and that those same factors were considered in the final determination. ECF No. 11-8.  In response, Green filed this suit.

2

## II.     Standard of Review

Defendant's pleadings and submission of record evidence placed Green on notice that the Court may reach the propriety of summary judgment.  *See* Fed. R. Civ. P. 56(d).  Because the parties have been given reasonable opportunity to present all pertinent material and Green has not filed an affidavit requesting formal discovery under Federal Rule of Civil Procedure 56(d), the Court will treat Defendant's motion as one for summary judgment.  See Fed. R. Civ. P. 12(d).

A motion for summary judgment brought pursuant to Rule 56 shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law.  *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial."  *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility.  *See Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-44 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial.  *Bouchat*, 346 F.3d at 526.

### III.     Analysis

The Complaint, broadly construed, challenges the constitutionality of Green's August 11, 2016 parole hearing as amounting to cruel and unusual punishment and as a denial of due process, in violation of the Eighth and Fourteenth Amendments to the United States Constitution. ECF No. 1. However, when viewing the record most favorably to Green, no reasonable trier of fact could find for Green on either constitutional claim.

First, even if failure to provide a "juvenile lifer" parole hearing were constitutionally required, the record indisputably shows that the MPC took the "juvenile lifer" factors into account at Green's parole hearing. ECF No. 15 at 4. Second and alternatively, even if Green were not provided such a hearing, the Fourth Circuit has made plain that the Constitution does not require it even in the context of "juvenile lifers." *Bowling v. Director, Va. Dep't of Corr.*, 920 F.3d 192, 194, 197 (4th Cir. 2019) ("juvenile-specific Eighth Amendment protections" do not "extend to juvenile homicide offenders sentenced to life with parole"). Lastly Green's due process challenge fails as a matter of law because no liberty interest lies in the right to a parole hearing such that denial in this instance may support a due process claim. *See Bryant v. Maryland,* 848 F.2d 492 (4th Cir. 1988); *see also Swarthout v. Cooke*, 562 U.S. 216 (2011) (no liberty interest in parole unless arising from statutes or regulations); *Cole v. Pepper,* GJH-18-2019, 2019 WL 4750295 at *8 (D. Md. Sept. 30, 2019), citing, *McLaughlin-Cox v. Maryland Parole Commission,* 200 Md. App. 115 (2011) (same).

*MRJI v. Hogan* does not affect this result. Unlike the Plaintiffs in *Hogan,* Green was sentenced to a definite term of years – life with all but *50 years* suspended. ECF No. 17-2. Green thus maintains a mandatory release date, which places him on different footing than the "juvenile

*lifer*" plaintiffs in *Hogan*. ECF No. 17-1 ¶ 4.[1]  Accordingly, summary judgment in Defendant's favor is proper.  A separate Order follows.

<table>
<tr><td>     10/4/21     <br>Date</td><td>          /S/          <br>Paula Xinis<br>United States District Judge</td></tr>
</table>

---

[1] The exact date of Green's release is subject to change depending on his receipt of diminution credits, but nonetheless Green has received a mandatory release date.  ECF No. 17-1 ¶ 4.